AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means               ☐ Original   ☐ Duplicate Original

FILED
SEP 09 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
   DEPUTY CLERK

SEALED ISSUED

ORIGINAL

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.   1:19 SW 00192 BAM
1111 N. BLACKSTONE STREET, UNIT 105, TULARE, )
CA )
)
)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the   Eastern   District of   California
*(identify the person or describe the property to be searched and give its location)*:
SEE ATTACHMENT A3, attached hereto and incorporated herein.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
SEE ATTACHMENT B, attached hereto and incorporated herein.

**YOU ARE COMMANDED** to execute this warrant on or before   June 28, 2019   *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   any authorized U.S. Magistrate Judge in the EDCA   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   06/17/2019 10:12 pm          _____
                                                        *Judge's signature*

City and state:         Fresno, CA                   Barbara A. McAuliffe, U.S. Magistrate Judge
                                                        *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: <br> 245D-SC-2082541 | Date and time warrant executed: <br> 06/18/2019 6:00 am | Copy of warrant and inventory left with: <br> Miriam Basurto |
| Inventory made in the presence of: <br> Miriam Basurto |||
| Inventory of the property taken and name of any person(s) seized: <br><br> 1. Smith & Wesson handgun <br> 2. .40 caliber magazine with ammunition <br> 3. Samsung cell phone <br> 4. Cricket cell phone <br> 5. 2 scales <br> 6. Motorola cell phone <br> 7. Micro TF USB drive <br> 8. Black bag with drug paraphernalia <br> 9. VISA debit card <br> 10. Asus laptop with power cord <br> 11. LG cell phone <br> 12. AT&T SIM card |||

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 9/9/19

*Executing officer's signature*

Ryan Steger, Special Agent
*Printed name and title*

## ATTACHMENT A3

The property to be searched:

1. 1111 N. BLACKSTONE STREET, ROOM 105, TULARE, CA, further described as a two-story multi-unit Hotel building, composed of white colored stucco exterior, with white trim, and tan asphalt shingle roofing. The Motel 6 consists of 3 2-story buildings, configured in a U-Shaped structure. The building which houses room #105 is positioned parallel to N. Blackstone St. Room #105 is located on the ground level and faces east, toward N. Blackstone St. Room #105 is also the (4th) fourth room from the south end of the building. The front door is painted blue in color and a large window is located to the right of the door. The numbers (105); are black in color, posted in the upper middle of the front door. The front parked lot is open to the public and the Motel 6 Hotel office is located along the northeast corner of the Hotel building. A Large Motel 6 elevated street sign is also located on the southwest corner of N. Blackstone St and E Prosperity Ave. 1111 N Blackstone St is located along the west side of N. Blackstone St and located on the southwest corner of N. Blackstone St and E. Prosperity Ave.





ROOM #105



## ATTACHMENT "B"

Articles of personal property tending to establish and document a conspiracy to distribute and to possess with intent to distribute methamphetamine, distribution of methamphetamine, and possession with intent to distribute methamphetamine in violation of Title 21, United States Code, Sections 846 and 841(a)(1), involving Jesse **JUAREZ** and occurring after January 1, 2019, including the following:

1. Methamphetamine and the items commonly associated with the packaging and sales of controlled substances, including commercial plastic wrap, plastic containers, duct tape, plastic bags or zip lock bags, canisters, scales, or other weighing devices.

2. Evidence of a conspiracy to distribute methamphetamine including books, records, correspondence, narcotic customers lists, narcotic suppliers lists, ledgers, logs, journals, accounts payable and receivable, pay-owe sheets, contracts, letters and memoranda of agreements between the conspirators, formulas, receipts, phone records, phone books, address books, notations and other papers, and any files relating to the distributing of controlled substances.

3. Indicia of occupancy, residency, and/or ownership, or use of the previously described property, premises, or vehicles, and any other property, premises, or vehicles, not limited to utility and telephone bills, canceled envelopes, registration, receipts, and keys which tend to show the identities of the occupants, residents, and/or owners.

4. Photographs and/or videotapes, in particular photographs and/or videotapes of co-conspirators, assets, and/or controlled substances, along with personal address lists, and other documents with the names and telephone numbers of co-conspirators.

5. Financial records including expenses incurred in obtaining the equipment and items necessary for the distribution of controlled substances, income derived from the

1

sales of controlled substances, as well as records of legitimate income or lack thereof, and general living expenses. Financial records of persons in control of the property, premises, or vehicles, including bank statements, bank receipts, passbooks, bank checks, money market or similar accounts, money drafts, wire transfers, money orders, payroll documents, employer information, income and expense records, Federal and State income tax returns, cashier's checks, loan applications, credit card records, safe deposit box and records, acquisitions, notes, and records reflecting vehicles, owned, purchased, sold or leased.

6. Money counting machines, money wrappers, and/or work sheets, tally sheets, or ledger sheets reflecting or accounting for money received, disbursed, or exchanged.

7. United States currency, precious metals, jewelry, automobiles, and financial instruments, indicative of the proceeds of illicit narcotic trafficking.

8. Storage units and containers, such as floor safes, wall safes, upright safes (also known as gun safes), lock boxes, safe deposit boxes, and other self-contained locked enclosures found on the premises or for documents relating to such items.

9. Firearms and weapons used by drug traffickers to protect themselves or their contraband.

10. $1,000 or more of United States Currency.

11. Electronic communication devices that could be used for communication during illegal activities including cell phones, tablets, and computers.

12. Any digital devices used to facilitate the transmission, creation, display, encoding, or storage of data, including word processing equipment, modems, docking stations, monitors, printers, plotters, encryption devices, and optical scanners that are capable of being used to commit or further the violations set forth in paragraph 1 above,

or to create, access, process, or store evidence, contraband, fruits, or instrumentalities of such violations.

13. Internet browsing history, user's identifications and passwords for internet websites, evidence of websites visited, and search engine terms used by persons utilizing any digital device seized pursuant to this warrant, which relate to the violations set forth in paragraph 1 above.

14. CELLULAR TELEPHONES. This warrant authorizes the search and forensic examination of cellular telephones for the purpose of identifying the electronically stored information described herein including all records on the cellular telephones that relate to violations of Title 21, United States Code, Sections 846 and 841(a)(1), and involve Jesse **JUAREZ** since January 2019, including:

    a. lists of customers and related identifying information;

    b. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    c. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    d. any information recording the above-listed individual's schedule or travel from 2019 to the present;

    e. all bank records, checks, credit card bills, account information, and other financial records.

    f. Evidence of user attribution showing who used or owned the cellular telephones at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3

g. In addition, permitting the search of the memory of such devices for:

1. All telephone numbers and direct connect numbers or identities assigned to the device, including the Electronic Serial Number (ESN) and the International Mobile Subscriber Identity number (IMSI) relating to the cellular telephones;
2. Call and direct connect history information, including dates, times, and duration of telephone calls, as well as the contact information related to those calls;
3. Telephone book or list of contacts;
4. Photographs, video footage, text messages, and emails evidencing methamphetamine or controlled substance distribution;
5. Text messages relating to drug transactions, payment for such transactions, or arrangements to meet for such transactions;
6. Email messages relating to drug transactions, payment for such transactions, or arrangements to meet for such transactions;
7. Photographs and/or videos, in particular photographs and/or videos of co-conspirators, assets, and/or controlled substances;
8. Access to social media available on the cellular telephones to search for the items listed in this attachment.

A. **ELECTRONIC SEARCH PROTOCOL**

1. In searching for data capable of being read, stored, or interpreted by a computer, cellular telephone, digital device, or storage media, law enforcement personnel executing the search warrant will employ the following procedure:

a) *On-site search, if practicable.* Law enforcement officers trained in

4

computer forensics (hereafter, "computer personnel"), if present, may be able to determine if digital devices can be searched on-site in a reasonable amount of time and without jeopardizing the ability to preserve data on the devices and conduct such a search if deemed practicable. Any device searched on-site will be seized if it contains any data falling within the list of items to be seized as set forth in the warrant and in Attachment B.

    b)    *On site imaging, if practicable.* If a digital device cannot be searched on site as described above, the computer personnel, if present, will determine whether the device can be imaged on site in a reasonable amount of time without jeopardizing the ability to preserve the data and conduct such imaging if deemed practicable.

    c)    *Seizure of digital devices for off-site imaging and search.* If no computer personnel are present at the execution of the search warrant, or if they determine that a digital device cannot be searched or imaged on-site in a reasonable amount of time and without jeopardizing the ability to preserve data, the digital device will be seized and transported to an appropriate law enforcement laboratory for review.

    d)    Law enforcement personnel (potentially including, but not necessarily limited to, computer personnel) will examine the digital device to determine if it contains any data that falls within the list of items to be seized as set forth in the warrant and in Attachment B.

    e)    Law enforcement personnel will use procedures designed to identify items to be seized under the warrant. These procedures may include, without limitation, the use of a "hash value" library to exclude normal operating system files that do not need to be searched. In addition, law enforcement personnel may search for and attempt to recover deleted, hidden, or encrypted data to determine whether the data falls within the list of items to be seized under the warrant.